```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ANDREW CORPUS,

                Petitioner,

vs.                           Case No. 2:09-cv-39-FtM-29SPC

SECRETARY, DEPARTMENT OF CHILDREN
AND FAMILIES and FLORIDA ATTORNEY
GENERAL,

                Respondents.
_____

**OPINION AND ORDER**

    Petitioner Andrew Corpus (hereinafter "Corpus" or "Petitioner") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, Petition) on January 23, 2009, which he subsequently amended on March 31, 2009 (Doc. #8, Amended Petition) pursuant to the Court's March 9, 2009 Order (Doc. #6). Petitioner filed a "Memorandum In Support" of Amended Petition (Doc. #11, Memorandum). Petitioner challenges, on various grounds, his 1999 convictions for one count of capital sexual battery and two counts of lewd fondling, both in their own right, and to the extent that the convictions were used as predicate offenses for his civil commitment under Florida's Involuntary Civil Commitment of Sexually Violent Predators' Act, Fla. Stat. § 394.901, *et seq.* (the "Ryce Act"). See generally Amended Petition and Memorandum.

In compliance with the Court's Order to Show Cause (Doc. #13), Respondent filed a Response to the Petition (Doc. #20), and submitted exhibits supporting the Response (Exh. 1-5). Respondent argues that, to the extent the Amended Petition is challenging Petitioner's 1999 underlying criminal conviction, the Amended Petition is untimely and barred by the one-year federal limitations period. 28 U.S.C. § 2244(d)(1). Response at 4-5. Similarly, Respondent argues that the Amended Petition is also untimely, to the extent that Petitioner seeks to challenge the underlying convictions as predicate offenses for Petitioner's civil commitment. Id. at 6. Petitioner filed a Reply to the Response (Doc. #25, Reply) and a Supplement to his Reply (Doc. #24). This matter is now ripe for review.

The procedural history of Petitioner's 1999 convictions is set forth in the Court's November 6, 2001 Order (the "2001 Order") denying Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in Case Number 2:00-cv-72-FtM-29DNF. Petitioner appealed the Court's 2001 Order (Case Number 01-16999-J), which was dismissed by the Eleventh Circuit Court of Appeals for want of prosecution (Doc. #36). The grounds raised in Petitioner's petition filed in Case Number 2:00-cv-72-FtM-29DNF are also included in the instant Amended Petition, among other grounds. Petitioner explains that "[o]n this second writ of habeas corpus he claim[s] new grounds that he did not use on his first writ of

habeas corpus because he was not aware that those facts constituted grounds for habeas relief." Reply at 3.

While the Amended Petition *sub judice* clearly appears untimely to the extent that Petitioner is challenging his 1999 convictions per se, the Court, nonetheless, is required to dismiss the Amended Petition on other grounds because it lacks jurisdiction to consider the Amended Petition. Significantly, the Antiterrorism and Effective Death Penalty Act of 1996 "requires that before a second or successive motion or petition is filed, the petitioner first must obtain an order from the court of appeals authorizing the district court to consider it." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)(stating that "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"). Id. Here, Petitioner already filed a federal habeas petition challenging his 1999 State convictions, which the Court dismissed on the merits. Thus, to the extent that Petitioner wishes to lodge a new challenge to his 1999 State convictions, he must first seek, and obtain, authorization from the Eleventh Circuit.

Next, Petitioner's challenge to his 1999 State convictions, to the extent that they were used as a predicate for his Ryce Act commitment, are barred from federal habeas review. Brown v. Sec'y, Fla. Dep't of Children & Families, 267 Fed. Appx. 861, 862-63 (11th Cir. 2008). "Noting the need for finality and to ease administrative review, the Supreme Court reasoned that 'once a

state conviction is no longer open to direct or collateral attack in its own rights because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.'" Id. (quoting Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 396-97 (2001)). While Petitioner's 1999 State convictions were used as a predicate for his current civil commitment, rather than as an enhancement to a current criminal sentence as in Lackawanna, the State convictions are nonetheless deemed "valid" because they are no longer subject to attack and thus, are precluded from federal habeas review. Brown 267 Fed. Appx. at 863.

ACCORDINGLY it is hereby

**ORDERED:**

1.  The Amended Petition for Writ of Habeas Corpus (Doc. #8) is **DISMISSED** for the reasons set forth above.

2.  The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this file.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER **ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability

(COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of March, 2010.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record